**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STACY CALES, *et al.*,**

**Plaintiffs,**

**v.**

**Civil Action 2:23-cv-2997**
**Magistrate Judge Chelsey M. Vascura**

**THEISEN BROCK LPA, *et al.*,**

**Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Reconsideration (ECF No. 63) of the Court's July 24, 2026 summary judgment ruling in Plaintiffs' favor as to liability (Op. & Order, ECF No. 59). For the reasons below, Defendants' Motion is **DENIED**.

Although captioned a motion for reconsideration, Defendants in essence move to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. To prevail under Rule 59(e), the movant must show: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009). However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Defendants' motion does not meet this standard. Defendants first argue that the Court overlooked a key cumulative remedies clause, § 8(c) of the Pledge Agreement, which is incorporated into the Note by reference. But the Court did not "overlook" this clause. Indeed, the Court quoted § 8(c) in full. (*See* Op. & Order 7, ECF No. 59.) Defendants merely disagree with the Court's interpretation of the clause to not permit actual damages in the face of the express liquidated damages cap in § 3 of the Note. Defendants had a full opportunity to argue their position on the relevant contractual language in their summary judgment briefing and further rehashing of those arguments is not appropriate at this juncture.

Second, Defendants contend that the Court failed to consider that Plaintiffs could have sued the buyers for breach of contract under the Purchase Agreement irrespective of the Note. But as explained in the Court's Opinion and Order, "all of these interrelated documents must be read and construed together as part of the same transaction." (Op. & Order 6, ECF No. 59.) Thus, a suit under the Note *is* a suit under the Purchase Agreement. Moreover, according to the Answer filed in Plaintiffs' West Virginia action against the buyer (ECF No. 1-9, PAGEID #143, 150), Plaintiffs included separate counts for breach of *each* of the Purchase Agreement and the Note. Thus, not only would a suit under the Purchase Agreement not allow Plaintiffs to recover actual damages, Plaintiffs already *did* sue under the Purchase Agreement. Further, as already noted in the Opinion and Order, West Virginia law is clear that malpractice plaintiffs are not required to litigate against third parties to mitigate damages. (*Id.* at 10.)

Third, Defendants argue that they were not able to address a key case (*VanKirk v. Green Constr. Co.*, 195 W. Va. 714, 719 (1995)) relied upon by the Court because Plaintiffs never raised it. This argument reflects a puzzling misconception that the Court may not consider legal authorities not raised by the parties. As *VanKirk* is a West Virginia Supreme Court case

concerning the availability of actual damages in the face of a liquidated damages cap—the very issue at the heart of this litigation—it was appropriate for the Court to rely upon it.

Finally, Defendants argue that the Court's conclusion that Defendants breached their duty of care is not supported by Plaintiffs' expert report and that Plaintiffs never made the argument that the breach was so obvious as to not require expert testimony. But, as noted in the Opinion and Order, West Virginia doesn't require expert testimony "if the lack of professional skill is obvious." (Op. & Order 9 n.2.) And again, the Court is not limited by the parties' arguments in deciding issues of law.

In sum, Defendants have not identified a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. Defendants' Motion for Reconsideration (ECF No. 63) is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE